UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPITAL FOR MERCHANTS, L.L.C.,

    Plaintiff,

v.

WEALTH CREATING INVESTMENTS,

    Defendant.

Case No. 2:16-cv-13610-LJM-DRG
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,
REQUIRING PLAINTIFF TO DEMONSTRATE JURISDICTION, AND
SETTING PRELIMINARY INJUNCTION BRIEFING SCHEDULE**

Plaintiff Capital for Merchants, LLC claims that Defendant Wealth Creating Investments, Inc., has breached a contract they had. CFM is in the business of providing cash advances ("MCAs") to small businesses in exchange for a share of the small businesses' future receivables. On July 15, 2016, CFM agreed to sell to WCI, a collections company, $15,000,000 worth of its MCAs. (R. 1, PID 2, 8.) In particular, the parties' agreement states:

> At the closing of the transactions contemplated by this Agreement (the "Closing") . . . Buyer [WCI] will (i) pay to Seller [CFM] in cash or immediately available funds the sum of [$474,084.00] and (ii) assume the Assumed Liabilities. . . .
>
> The obligation of Seller to consummate the transactions contemplated hereby is subject to the satisfaction by Buyer, or written waiver by Seller, of the following conditions precedent: (i) Seller shall have received the Purchase Price in full, and Buyer shall have assumed, upon the terms and conditions set forth herein, the Assumed Liabilities . . . .

(R. 1, PID 8.) Now three months later, CFM says that WCI has still paid only $150,000 of the $474,084 purchase price. So CFM filed this breach of contract lawsuit.

And CFM asks the Court to grant it some relief post haste. In particular, yesterday, October 12, 2016, CFM filed a motion for a temporary restraining order and for a preliminary injunction. (R. 3.)

The Court will deny CFM's request for a temporary restraining order.

As an initial matter, this Court is not yet certain it has jurisdiction over CFM's breach-of-contract claim. CFM claims that it is diverse from WCI, and thus invokes subject-matter jurisdiction under 28 U.S.C. § 1332. But CFM's sole member, North American Bancard, is itself an LLC, and CFM has not pled the citizenship of each and every member of North American Bancard. Instead CFM pleads that North American Bancard is a Delaware LLC, has its principal place of business in Michigan, and is a citizen of Michigan. (R. 1, PID 1–2.) But if any member of North American Bancard is a citizen of Nevada—WCI's state of citizenship—diversity would be destroyed. As such, CFM has not adequately pled diversity of citizenship. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

Second, nothing indicates that WCI has been served with CFM's complaint let alone CFM's request for injunctive relief. And CFM's motion does not state that it has otherwise informed WCI that it is seeking an injunction. Thus, the Court presumes that WCI does not yet have notice of CFM's requested relief. And, in that scenario, Rule 65 bars the issuance of a temporary restraining order unless "the movant's attorney certifies in writing any efforts made to

give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). CFM's counsel has provided no such certification.

Third, a temporary restraining order serves a limited purpose: to prevent irreparable harm during the short time period between when the relief is sought and the when the Court rules on a motion for a preliminary injunction. *See Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) ("The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction."). Yet CFM's claims of irreparable harm are not only too conclusory to grant any type of injunctive relief—"CFM's relationship with its customers is being irreparably harmed by WCI's effort to resell or collect on the Accounts"—they also fail to show why the irreparable harm is so immediate that this Court must rule now as opposed to in a month or two. Indeed, the parties signed their agreement almost three months ago.

Accordingly, the Court DENIES CFM's request for a temporary restraining order.

The Court will, however, set an expedited schedule on CFM's motion for a preliminary injunction as follows:

| Event | Due Date |
| --- | --- |
| Defendant's Response | October 27, 2016 |
| Meet and Confer (see below) | November 3, 2016 |
| Submission of Pre-Hearing Materials (see below) | November 10, 2016 |
| Preliminary Injunction Hearing (see below) | November 22, 2016 |

**1. Meet and Confer**

Not later than the corresponding date set forth above, counsel for all parties shall meet and confer, preferably in person, to discuss the following:

(a) whether the parties can agree to a preliminary injunction of scope less than what Plaintiff has sought;

(b) whether any facts or legal conclusions are agreed upon;

(c) evidentiary issues, including any objections to the admissibility of any proposed exhibit or testimony to be offered at the hearing.

The meet and confer is intended to be substantive. The Court thus encourages the parties to exchange proposed findings of fact and conclusions of law (see below) prior to the meet and confer, such that each party has the opportunity to consider the precise language that it would be stipulating to at the meet and confer.

**2. Submission of Pre-Hearing Materials**

Not later than the corresponding date set forth above, counsel must

(a) File a "Joint Exhibit and Witness List" which lists all exhibits that the parties intend to introduce at the hearing and all witnesses the parties intend to call at the hearing. For each identified witness, the Joint Exhibit and Witness List must indicate whether the witness "will" be called or "may" be called at the hearing, the witness's likely testimony (one or two sentences), an estimate of the time needed for direct and cross examination of the witness, and any significant objection to the witness's testimony. For each exhibit the admission of which is not agreed to by the parties, the Joint Exhibit and Witness List must briefly state the basis for objection.

(b) Provide the Court with a "Joint Exhibit Book" containing a copy of all proposed exhibits (including any deposition transcripts or applicable portions thereof) identified in the Joint Exhibit and Witness List. All exhibits must be marked by counsel prior to the preparation of the Joint Exhibit Book such that the copy in the

Joint Exhibit Book is marked. The preferred method of marking is the traditional "Plaintiff's Exhibit __" and "Defendant's Exhibit __" in number order, but any clear method is acceptable (e.g., numbers and letters).

(c) File a "Pre-Hearing Brief" containing separately numbered proposed findings of fact with citation to proposed exhibits (preferably citing to the Joint Exhibit Book) and separately numbered proposed conclusions of law.

(d) File a joint statement concerning the suitability of hearing and trial under Federal Rule of Civil Procedure 65(a)(2).[1]

### 3. The Preliminary Injunction Hearing

The preliminary injunction hearing will be held at 11:00 a.m. on November 22, 2016.

The Court will admit unobjected-to exhibits in the Joint Exhibit and Witness List at the start of the preliminary injunction hearing. The Court will determine the admissibility of objected-to exhibits and (objected-to testimony) prior to the start of the hearing or at the time a party seeks to introduce the objected-to evidence (or testimony). Evidence not included in the Joint Exhibit and Witness List will not be admitted absent a showing of good cause for failing to include the evidence on the list. Counsel are required to keep track of all exhibits admitted during the hearing.

**SO ORDERED.**

Dated: October 13, 2016

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

---

[1] In a case where Plaintiff seeks a permanent injunction that is effectively an extension of the preliminary relief it seeks, counsel must discuss at the Meet and Confer, and then recommend to the Court in the Pre-Hearing Brief, the suitability of consolidating the preliminary injunction hearing with a trial for a permanent injunction. *See* Fed. R. Civ. P. 65(a)(1)(2).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2016.

s/Keisha Jackson
Case Manager
