UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPITAL FOR MERCHANTS, L.L.C.,

    Plaintiff,

v.

WEALTH CREATING INVESTMENTS,

    Defendant,

and

BCG EQUITIES, LLC,

    Intervener Plaintiff.

Case No. 2:16-cv-13610-LJM-DRG
Honorable Laurie J. Michelson

---

**ORDER GRANTING MOTION TO INTERVENE [26], GRANTING PLAINTIFF RELIEF SOUGHT DUE TO DEFENDANT'S FAILURE TO OBTAIN COUNSEL AND COMPLY WITH COURT ORDER, AND DISMISSING COUNTERCLAIM**

---

Plaintiff Capital for Merchants, LLC claims that Defendant Wealth Creating Investments, Inc. breached a contract they had. CFM is in the business of providing cash advances ("MCAs") to small businesses in exchange for a share of the small businesses' future receivables. On July 15, 2016, CFM agreed to sell to WCI, a collections company, $15,000,000 worth of its MCAs. (R. 1, PID 2, 8.) In particular, the parties' agreement states:

> At the closing of the transactions contemplated by this Agreement (the "Closing") . . . Buyer [WCI] will (i) pay to Seller [CFM] in cash or immediately available funds the sum of [$474,084.00] and (ii) assume the Assumed Liabilities. . . .
>
> The obligation of Seller to consummate the transactions contemplated hereby is subject to the satisfaction by Buyer, or written waiver by Seller, of the following conditions precedent: (i) Seller shall have received the Purchase Price in full, and Buyer shall have assumed, upon the terms and conditions set forth herein, the Assumed Liabilities . . . .

(R. 1, PID 8.) CFM says that WCI paid only $150,000 of the $474,084 purchase price. So CFM filed this lawsuit asserting breach of contract.

On January 30, 2017, this Court entered an order permitting counsel for WCI to withdraw. (R. 23.) In that order, the Court gave WCI 30 days to find new counsel and for that counsel to file an appearance in this case. (*See* R. 23, PID 168.) The order also contemplated that the parties would attend mediation soon thereafter. (*See id.*)

On May 4, 2017, BCG Equities, LLC moved to intervene in this case. (R. 26.) According to BCG, it purchased some of the accounts from WCI that WCI had purchased from CFM, but was not provided with the "media" necessary to collect on those accounts. (R. 26, PID 177.) BCG says,

> CFM and WCI have failed or refused to provide BCG with the documentation or 'media' necessary for BCG to collect various account receivables due pursuant to the accounts it purchased from WCI. Further, WCI has failed to refund to BCG amounts paid for the 're-sold accounts.' BCG should be permitted to intervene pursuant to F.R.C.P. 24 (a) and/or (b) to protect its interests and to allow it to pursue collection of the receivables for which it paid in full, to receive a refund on the funds that it used to purchase these receivables, and to obtain damages attributable to WCI.

(R. 26, PID 177.)

On May 11, 2017, this Court entered an order for WCI to show cause. The Court noted that the 30-day period for WCI to obtain counsel had elapsed and that "[n]o counsel ha[d] appeared on behalf of WCI." (R. 27, PID 298.) "Additionally," the Court explained, "a corporate entity cannot proceed *pro se* and must be represented by counsel." (R. 27, PID 298.) The Court thus ordered WCI "to show cause as to why a judgment in favor of Plaintiff Capital for Merchants should not issue. WCI's show-cause response is due on or before May 18, 2017[.]" (R. 27, PID 298.)

The time for WCI to respond to the Court's order to show cause has long since passed. And WCI has not shown cause. Accordingly, the Court ORDERS that BCG Equities, LLC's motion to intervene is GRANTED for the reasons set forth in its motion and supporting brief (R. 26). Due to WCI's failure to obtain counsel and failure to comply with this Court's show-cause order, Capital for Merchants, LLC is entitled to the relief sought in its complaint. *See Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much."). Here, WCI has been warned that an adverse judgment could be entered, the task for avoiding entry of judgment was simple, and the Court must presume that WCI's non-compliance was more than negligent as WCI had, at one point, participated in this case. *See Dell*, 2007 WL 2021842, at *5. The Court thus ORDERS "WCI to specifically perform under the Purchase Agreement and pay the balance of the purchase price to CFM[.]" (R. 1, PID 4.) Further, WCI's counterclaim (R. 17) is DISMISSED. *See Dell*, 2007 WL 2021842, at *5; *cf.* Fed. R. Civ. P. 41(b), (c).

SO ORDERED.

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
Dated: September 13, 2017             U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2017.

                                              s/Keisha Jackson
                                              Case Manager